Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Additional Attorneys for Plaintiff
on Signature Page

*Attorneys for Plaintiff,*
William Perez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Perez, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Health Services Asset Management, LLC<br><br>Defendant. | **Case No:** '17CV0044 GPC KSC<br><br>**CLASS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. William Perez, ("Plaintiff"), through Plaintiff's attorneys, brings this class action to challenge the actions of Health Services Asset Management, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

7. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named

## Jurisdiction and Venue

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. *See* 15 U.S.C. § 1692 et seq.

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for the supplemental state Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") claim.

11. Defendant is a Washington debt collection limited liability company, registered to do business in California, which regularly conducts business in the County of San Diego, State of California.  Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state by collecting debts from consumers in every district of California, including the Southern District of California. Furthermore, the conduct alleged herein occurred in the Southern District of California, and thus, jurisdiction by this Court is permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a) for the following reasons:

   (i) Plaintiff is a natural person, who resides in the City of San Diego, County of San Diego, State of California, which is within this judicial district;

   (ii) The conduct complained of herein occurred within this judicial district because Defendant's unlawful debt collection letters were sent to Plaintiff's address in the San Diego County; and

   (iii) Defendant is subject to personal jurisdiction in this district because it regularly conducts business within this judicial district.

## Parties

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).  Here, Defendant was collecting debt allegedly owed to St. Peter Hospital, and thus, is a "debt collector" under 15 U.S.C. § 1692a(6).

16. Defendant, in the ordinary course of business, regularly, on behalf of itself, and others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as defined in California Civil Code § 1788.2(c).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### Factual Allegations

18. Sometime on or about June 13, 2015, Plaintiff allegedly incurred debt to St. Peter Hospital. As it is irrelevant to this action, Plaintiff currently takes no position as to wh. ether or not this alleged debt was actually owed.

19. Subsequently, the alleged debt was assigned, transferred, placed, or sold to Defendant for collection.

20. Defendant began sending collection letters Plaintiff to collect an alleged debt from Plaintiff.

21. On or about January 20, 2016, Defendant sent a collection communication to Plaintiff, stating that Plaintiff is owed a total of $580.38 consisting of $575.00 debt allegedly owed to St. Peter Hospital, and $5.38 interest charge for Defendant's collection activities.

22. On the second page of the Defendant's January 20, 2016 letter, Defendant stated: "We charge interest at the following state specific rates: . . . California 10% . . .."

23. On or about February 15, 2016, Defendant sent a collection communication to Plaintiff, stating that Plaintiff is owed a total of $584.00 consisting of $575.00 debt allegedly owed to St. Peter Hospital, and $9.50 interest charge for Defendant's collection activities.

24. On the second page of the Defendant's January 20, 2016 and February 15, 2016 letters, Defendant stated: "We charge interest at the following state specific rates: . . . California 10% . . .."

25. Upon information and belief, Plaintiff never consented nor agreed to pay the Defendant's 10% collection charges of interest on the alleged debt.

26. Defendant was not authorized to charge any interest charges not permitted within the original contract between Plaintiff and the original creditor, St. Peter Hospital.

27. Defendant knew or should have known that it was not authorized to charge Plaintiff any interests on the alleged debt.

28. By sending a communication to Plaintiff in attempt to collect unauthorized collection interest, Defendant violated 15 U.S.C. § 1692d and Cal. Civ. Code 1788.17 through incorporation by engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt by attempting to collect an additional unauthorized 10% of the collection interest.

29. By sending a communication to Plaintiff in attempt to collect larger than permissible debt amount, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and Cal. Civ. Code 1788.17 through incorporation, by falsely representing the amount owed on the debt and implying that Plaintiff was obligated to pay the unauthorized 10% interest.

30. By sending a communication to Plaintiff in attempt to collect an unauthorized 10% interest on the alleged debt, Defendant violated 15 U.S.C. §§ 1692f, 1692f(1), 1692e(2), 1692e(10), and Cal. Civ. Code 1788.17 through incorporation.

31. By sending a communication to Plaintiff in attempt to collect a larger than permissible interest charge, Defendant violated Cal. Civ. Code 1788.13 (e) and Cal. Civ. Code 1788.14(b) by falsely representing that Plaintiff owed Defendant a payment for a larger than legally permissible service charge,.

32. Defendant further stated within its January 20, 2016 and February 15, 2016 collection letters:
> "At this time please be advised that if your account(s) qualify for credit reporting under HSAM policy, we may report information about your account(s) to credit

bureaus. Late payments, missed payments, or other defaults on your account(s) may be reflected on your credit report. We would prefer working with you to resolve this matter but this does require your involvement."

33. By sending the January 20, 2016 and February 15, 2016 communication to Plaintiff, Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and Cal. Civ. §§ 1788.10(f), 1788.13(f) and 1788.17 through incorporation by threatening to take action against Plaintiff and report the account to the credit bureaus, where Defendant did not do so, and did not Defendant intend to take such action.

34. By sending the January 20, 2016 and February 15, 2016 communication to Plaintiff, Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(8), 1692e(10), 1692f, 1692f(1), and Cal. Civ. Code 1788.17 through incorporation by charging Plaintiff an additional unauthorized charge of 10% interest, and threatening to report this additional unauthorized charge to the credit bureaus.

35. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive conduct, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant's unlawful collection efforts.

**Class Action Allegations**

37. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

38. Plaintiff represents, and is a member of the Class, consisting of:

> All persons residing within the United States who received a debt collection letter from Defendant substantially similar to the collection letters received by Plaintiff on January 20, 2016 and February 15, 2016, whose letters were not returned by postal service as undelivered or undeliverable, within the one year period prior to the filing of Plaintiff's Complaint.

39. Plaintiff represents, and is member of the California Sub-Class, consisting of:

> All persons residing within California who received a debt collection letter from Defendant substantially similar to the collection letters received by Plaintiff on January 20, 2016 and February 15, 2016, whose letters were not returned by postal service as undelivered or undeliverable, within the one year period prior to the filing of Plaintiff's Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in unlawful debt collection practices, when it sent a letter to Plaintiff stating that it "may report information about" Plaintiff's account to credit bureaus and charged Plaintiff an additional 10% interests without Plaintiff's authorization under 15 U.S.C. §§ 1692 *et seq*. and RFDCPA. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only recovery of statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent debt collection letters to California consumers threatening to report negative information to credit bureaus and failing to report any information to credit bureaus;

   b. Whether within the one year prior to the filing of this Complaint, Defendant or its agents charged Plaintiff and Class members with a 10% interest charge despite having no authorization from Plaintiff and Class members to charge the interests fees;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

   c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

   d. Whether Plaintiff and the Class members are entitled to injunctive relief;

   e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

   f. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

   g. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

45. As a person who received a debt collection letter with a false implied threat to inform credit bureaus and an additional 10% interest charge, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and

adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FDCPA and RFDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## First Cause of Action
## Fair Debt Collection Practices Act (FDCPA)
## 15 U.S.C. § 1692 Et. Seq.

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Cause of Action

## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

## Cal. Civ. Code §§ 1788-1788.32

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

54. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayer For Relief

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is

a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Punitive damages the Court may deem just and proper;
- Any other relief the Court may deem just and proper.

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: January 10, 2017

By: s/Joshua Swigart
  Joshua B. Swigart, Esq.
  josh@westcoastlitigation.com
  Attorney for Plaintiff

///
///
///

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523