DAVID J. KAMINSKI (SBN 128509)
kaminskid@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendant
*HEALTH SERVICES ASSET MANAGEMENT, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Perez, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Health Services Asset Management, LLC, <br> Defendant. | CASE NO.  3: 17-cv-00044-GPC-KSC <br><br> **ANSWER TO COMPLAINT** |

## ANSWER

COMES NOW Defendant HEALTH SERVICES ASSET MANAGEMENT, LLC (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint ("hereinafter Complaint") of Plaintiff WILLIAM PEREZ, ("Plaintiff") by admitting, denying and alleging as follows:

## INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, Defendant asserts that this paragraph states a legal conclusion.

2.      Answering Paragraph 2 of the Complaint, Defendant asserts that this paragraph states a legal conclusion.

3.      Answering Paragraph 3 of the Complaint, Defendant asserts that this paragraph states a legal conclusion.

4.      Answering Paragraph 4 of the Complaint, Defendant asserts that this paragraph states a legal conclusion.

5.      Answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff brings this action.  Defendant denies the remainder of the allegations in this paragraph.

6.      Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information to either or admit the allegations contained therein, and on that basis, denies same.

7.      Answering Paragraph 7 of the Complaint, Defendant denies each and every allegation.

8.      Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to either or admit the allegations contained therein, and on that basis, denies same.

## JURISDICTION AND VENUE

9.      Answering Paragraph 9 of the Complaint, Defendant asserts that this Paragraph states a legal conclusion.

10.      Answering Paragraph 10 of the Complaint, Defendant asserts that this Paragraph states a legal conclusion.

11.     Answering Paragraph 11 of the Complaint, Defendant admits that it is a Washington debt collection limited liability company, registered to do business in California and regularly conducts business in the County of San Diego, State of California.  Defendant asserts that the remainder of the allegations in this paragraph state a legal conclusion.

12.     Answering Paragraph 12 of the Complaint, Defendant asserts that this Paragraph states a legal conclusion.

## PARTIES

13.     Answering paragraph 13 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

14.     Answering paragraph 14 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

15.     Answering paragraph 15 of the Complaint, Defendant admits it was collecting a debt allegedly owed to St. Peter Hospital.  Defendant asserts that the remainder of this paragraph states a legal conclusion.

16.     Answering paragraph 16 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

17.     Answering Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

## FACTUAL ALLEGATIONS

18.     Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiff allegedly incurred a debt to St. Peter Hospital.  Defendant lacks sufficient information to either admit or deny the remainder of the allegations in Paragraph 18 of the Complaint.

19.     Answering Paragraph 19 of the Complaint, Defendant admits each that it was assigned Plaintiff's debt for collection.  Defendant denies the remainder of the allegations in Paragraph 19 of the Complaint.

20.     Answering Paragraph 20 of the Complaint, Defendant admits each and every allegation.

21.     Answering Paragraph 21 of the Complaint, Defendant asserts that its letter to Plaintiff speaks for itself.

22.     Answering Paragraph 22 of the Complaint, Defendant asserts that its letter to Plaintiff speaks for itself.

23.     Answering Paragraph 23 of the Complaint, Defendant asserts that its letter to Plaintiff speaks for itself.

24.      Answering Paragraph 24 of the Complaint, Defendant asserts that its letter to Plaintiff speaks for itself.

25.     Answering Paragraph 25 of the Complaint, Defendant lacks sufficient information to either or admit the allegations contained therein, and on that basis, denies same.

26.     Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27.     Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28.     Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29.     Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31.     Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32.     Answering Paragraph 32 of the Complaint, Defendant asserts that its January 20, 2016 and February 15, 2016 letters speak for themselves.

33.     Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34.     Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.     Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation.

## CLASS ACTION ALLEGATIONS

37.     [1]Answering Paragraph 37 of the Complaint, Defendant denies that there is any viable class.

38.     Answering Paragraph 38 of the Complaint, Defendant denies that there is any viable class.

39.     Answering Paragraph 39 of the Complaint, Defendant denies that there is any viable subclass.

40.     Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41.     Answering Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     Answering Paragraph 42 of the Complaint, Defendant denies that Plaintiff is entitled to damages.

43.     Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     Answering Paragraph 44 of the Complaint, and subparagraph (a)-(g) Defendant denies each and every allegation.

45.     Answering Paragraph 45 of the Complaint, Defendant denies each and every allegation.

---

[1] Plaintiff's Complaint omits paragraph 36.

45B[2] - Answering Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46.    Answering Paragraph 46 of the Complaint, Defendant lacks sufficient information to either or admit the allegations contained therein, and on that basis, denies same.

47.    Answering 47 of the Complaint, Defendant denies each and every allegation.

48.    Answering 48 of the Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

49.    Answering Paragraph 49 of the Complaint, Defendant incorporates Paragraphs 1-48 of its Answer.

50.    Answering Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51.    Answering Paragraph 51 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

52.    Answering Paragraph 52 of the Complaint, Defendant incorporates Paragraphs 1-51 of its Answer.

53.    Answering Paragraph 53 of the Complaint, Defendant denies each and every allegation.

54.    Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation.

///

---

[2] Plaintiff asserts two different Paragraph 45's.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

1.     Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

(Bona Fide Error)

3.     Any violation of the FDCPA or Rosenthal Act which Defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

FOURTH AFFIRMATIVE DEFENSE

4.     Any misrepresentation by Defendant, which Defendant denies, was not sufficiently material as to engender liability under the FDCPA or Rosenthal Act.

FIFTH AFFIRMATIVE DEFENSE

(Equitable Defenses

5.     As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

6.     As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

7.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

8.     As a separate, affirmative defense, Defendant asserts that any recovery, shall be offset by the amount owed to Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (No Injunctive or Declaratory Relief

9.     As a separate, affirmative defense, Plaintiff's claims for an injunctive relief class lack merit as there is no right to injunctive or declaratory relief under the FDCPA or Rosenthal Act.

## TENTH AFFIRMATIVE DEFENSE

### (Class Action)

10.   As a separate, affirmative defense, Defendant asserts that Plaintiff's class lacks the requirements for a class action under FRCP 23, including, but not limited to, typicality, commonality, and superiority.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No standing)

11.   As a separate, affirmative defense, Defendant asserts that Plaintiff lacks standing to assert the claims in his lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Curative action)

12.   As a separate, affirmative defense, Defendant asserts that it cured any alleged violation of the Rosenthal Act under 1788.30(d).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of subject-matter jurisdiction)

13.   As a separate, affirmative defense, Defendant asserts that this Court lacks subject matter jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14.    As a separate, affirmative defense, Defendant asserts that Plaintiff and/or his putative class suffered no actual damages or harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

15.    As a separate, affirmative defense, Defendant asserts it substantially complied with the requirements of the statutes at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

16.   As a separate affirmative defense, Defendant reserves the right to compel arbitration.

///

///

SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

17.      Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## **JURY DEMAND**

WHEREFORE Defendant demands a Trial by Jury.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.


**CARLSON & MESSER LLP**

Dated:  February 28, 2017          s/ David J. Kaminski

David J. Kaminski
Stephen A. Watkins
Attorneys for Defendant,
*HEALTH SERVICES ASSET
MANAGEMENT, LLC*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

3    I hereby certify that on this **28th** of **February, 2017**, a true and accurate copy

of the foregoing **ANSWER TO COMPLAINT** was served via the U.S. District

4

Court ECF system on the following e-mail(s):

5
ak@kazlg.com
6    josh@westcoastlitigation.com
7    yana@westcoastlitigation.com
DanielShay@TCPAFDCPA.com
8

9                                              s/ David J. Kaminski
                                               David J. Kaminski
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28